UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE STANDARD FIRE INSURANCE
COMPANY AND TRAVELERS
PERSONAL SECURITY INSURANCE
COMPANY, as subrogees of JOHN LOMBARD

                Plaintiffs,

                                      Case No.
v.                                  Honorable

FORD MOTOR COMPANY,

                Defendant.

_____/

DAVID M. KRAUS (P37986)
Attorney for Plaintiffs
1441 W. Long Lake Road, Suite 305
Southfield, MI 48076-4285
(248) 423-2112
Dkraus@Travelers.com

_____/

## **COMPLAINT**

      NOW COME PLAINTIFFS, The Standard Fire Insurance Company and Travelers

Personal Security Insurance Company, as subrogees of John Lombard, and for their

Complaint against Ford Motor Company state as follows:

1.      Plaintiff, The Standard Fire Insurance Company ("Standard Fire"), is a property

insurance company which brings this lawsuit as subrogee of its insured, John Lombard.

2.      At all material times hereto, Plaintiff, Standard Fire, as subrogee of John Lombard, was incorporated in the State of Connecticut and had its home office and principal place of business in the State of Connecticut.

3.      Plaintiff, Travelers Personal Security Insurance Company ("Travelers"), is an auto insurance company which brings this lawsuit as subrogee of its insured, John Lombard.

4.      At all material times hereto, Plaintiff, Travelers, as subrogee of John Lombard, was incorporated in the State of Connecticut and had its home office and principal place of business in the State of Connecticut.

5.      At all times material hereto, Defendant, Ford Motor Company (hereinafter "Ford"), was a Delaware corporation and had its home office and principal place of business at One American Road in Dearborn, Wayne County, Michigan.

6.      There is diversity of citizenship between the Plaintiffs and Defendant herein, and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, thereby providing for original jurisdiction of this court over this matter pursuant to Diversity Jurisdiction (28 U.S.C. §1332, et seq.).

7.      Pursuant to 28 U.S.C. §1391(a)(1), venue is proper in the Eastern District of Michigan because Ford is the sole defendant in this matter and resides in Dearborn, Wayne County, Michigan, which is located within the Eastern District of Michigan.

8.     At all material times, Standard Fire provided property insurance under Policy No. 0CDN53-979580699-633-1 to John Lombard, the owner of the property that is the subject of this action.  Mr. Lombard's property is located at 110 Royal Oaks Drive NE in Cleveland, Tennessee (the "Lombard Residence").  The Standard Fire policy issued to Mr. Lombard provided insurance coverage for the Lombard Residence and its contents in the event of fire or other casualty.

9.     At all material times, Travelers provided auto insurance under Policy No. 0CDN53-979789111-101-1 to John Lombard, the owner of the 1997 Lincoln Town Car (VIN No. 1LNLM82W9VY645672) that is the subject of this lawsuit (the "Lombard Vehicle").  The Travelers policy issued to Mr. Lombard provided insurance coverage for the Lombard Vehicle in the event of fire or other casualty.

10.     At all material times, Ford was in the business of designing, assembling, manufacturing and selling Lincoln Town Cars.  Ford designed, assembled, manufactured and sold in Michigan the 1997 Lincoln Town Car that is the subject of this lawsuit (i.e., the "Lombard Vehicle").  At all material times Ford was therefore a manufacturer as defined under Tennessee and/or Michigan's product liability laws.

11.     The property damage that forms the basis of this lawsuit occurred on or about March 29, 2007 when a fire occurred at the Lombard Residence.  Subsequent investigation revealed that the fire originated within the engine compartment of the Lombard Vehicle while it was parked in the driveway of the Lombard Residence, and was caused by a defective cruise control system that was a component of the Lombard

Vehicle.  The fire destroyed the Lombard Vehicle and eventually spread to the Lombard

Residence, causing damages payable and paid under both the Standard Fire and

Travelers insurance policies.

12.     In August of 2007 and after an investigation by the National Highway

Transportation Safety Administration ("NHTSA"), Office of Defects Investigation

("ODI"), Defendant, Ford Motor Company, issued "Recall 05S28" (also identified by

NHTSA Recall Campaign ID No. 07V336000) of the speed control deactivation switch

(hereinafter referred to as the "switch") in the 1997 Lincoln Town Car product line

vehicles.  The recall was issued due to the risk of under hood fire resulting from a

failure of the switch.  The switch involved in Recall 05S28 is the same speed control

deactivation switch then-present in the Lombard Vehicle at the time of the fire event on

March 29, 2007.  The Lombard Vehicle is the same or similar to those vehicles within the

recall population.

13.     The August 2007 recall of the Lincoln Town Car Product line vehicle was issued

more than eight (8) years after Defendant, Ford Motor Company, pursuant to NHTSA

Recall Campaign ID No. 99V124000, issued "Recall 99S15" in May 1999 for the

replacement of identical speed control deactivation switches in the 1992-1993 Lincoln

Town Car product line vehicles due to similar risks of fire associated with switch device

failures. Consequently, Ford had constructive and actual knowledge of defects

associated with identical speed control deactivation switches in its Lincoln Town Car

product line vehicles as early as May 1999, but negligently waited until August 2007 to

recall its 1997 Lincoln Town Car product line vehicles for remediation of the same dangerous and defective condition.

14.     Pursuant to its insurance contract, Standard Fire paid Mr. Lombard for damages to the Lombard Residence caused by the fire.  By virtue of its payments to its insured, Standard Fire is equitably, contractually, and legally subrogated to all of the rights and remedies which Mr. Lombard possessed against Ford herein and to the extent of Standard Fire's payments under its applicable policy of insurance.

15.     Pursuant to its insurance contract, Travelers paid Mr. Lombard for damages to the Lombard Vehicle caused by the fire.  By virtue of its payments to its insured, Travelers is equitably, contractually, and legally subrogated to all of the rights and remedies which Mr. Lombard possessed against Ford herein and to the extent of Travelers' payments under its applicable policy of insurance.

## COUNT I
### Strict Products Liability / Design Defect

16.     The Lombard Vehicle, as designed by Ford, was unreasonably dangerous and defective due to a design defect.

17.     That at the time the Lombard Vehicle left Ford's hands, it was in a condition not contemplated by the ultimate consumer and was unreasonably dangerous to that consumer for its intended and foreseeable uses as designed, taking into consideration the utility of the product, the risk involved in its use, and that safer designs were available.

18.     That the cruise control system within the Lombard Vehicle as designed was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics.

19.      That this design defect was a proximate and producing cause of the fire and resulting damages for which Plaintiffs bring suit.

20.     That the total property damage loss to the Lombard Vehicle, Residence and its contents payable and paid by Plaintiffs was at least $256,562.84.

21.      Plaintiffs, Standard Fire and Travelers, having paid John Lombard under their respective policies of insurance with rights of subrogation, are subrogees of John Lombard, and are therefore legally,

WHEREFORE, Plaintiffs, The Standard Fire Insurance Company and Travelers Personal Security Insurance Company pray for Judgment against Ford Motor Company in the amount of $256,562.84, excluding taxes, costs and attorney fees.

## COUNT II
### Strict Products Liability / Manufacturing Defect

22.     That the Lombard Vehicle, manufactured by Ford, was unreasonably dangerous and defective due to a manufacturing defect.

23.      That at the time the Lombard Vehicle left Ford's hands, it was in a condition not contemplated by the ultimate consumer and was unreasonably dangerous to that

consumer for its intended and foreseeable use in that it failed to conform to the design standards and specifications.

24.     That the cruise control system within the Lombard Vehicle as manufactured was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics.

25.     This manufacturing defect was a proximate and producing cause of the fire and resulting damages for which Plaintiffs bring suit.

26.     That the total property damage loss to the Lombard Vehicle, Residence and its contents payable and paid by Plaintiffs was at least $256,562.84.

27.     Plaintiffs, Standard Fire and Travelers, having paid John Lombard under their respective policies of insurance with rights of subrogation, are subrogees of John Lombard, and are therefore legally,

WHEREFORE, Plaintiffs, The Standard Fire Insurance Company and Travelers Personal Security Insurance Company pray for Judgment against Ford Motor Company in the amount of $256,562.84, excluding taxes, costs and attorney fees.

## COUNT III
### Strict Products Liability / Failure to Warn

28.   The cruise control system in the Lombard Vehicle was unreasonably dangerous and defective for its intended and foreseeable uses, and Ford knew or reasonably should have known about its danger.

29.   Ford was in a position to detect and warn Mr. Lombard of the defective cruise control module in the Lombard Vehicle, but failed to do so.

30.   That Ford's failure to warn of the dangerous and defective cruise control module in the Lombard Vehicle was a proximate and producing cause of the fire and the resultant damages for which Plaintiffs bring suit.

31.   That the total property damage loss to the Lombard Vehicle, Residence and its contents payable and paid by Plaintiffs was at least $256,562.84.

32.   Plaintiffs, Standard Fire and Travelers, having paid John Lombard under their respective policies of insurance with rights of subrogation, are subrogees of John Lombard, and are therefore legally,

WHEREFORE, Plaintiffs, The Standard Fire Insurance Company and Travelers Personal Security Insurance Company pray for Judgment against Ford Motor Company in the amount of $256,562.84, excluding taxes, costs and attorney fees.

## COUNT IV
### Breach of Implied Merchantability and Fitness for Particular Purpose

33.     When Ford sold the Lombard Vehicle, it impliedly warranted that said vehicle was of merchantable quality and would properly and safely operate without causing damage in its intended and foreseeable uses.

34.     When Ford sold the Lombard Vehicle, it impliedly warranted that said vehicle was fit for a particular purpose, specifically in its operation as a motor vehicle.

35.     The Lombard Vehicle was not of merchantable quality at the time of the sale, did not properly and safely operate without failing and causing damage, and was not fit for its particular purpose. Specifically, the cruise control module within the Lombard Vehicle was dangerous for its intended and reasonably foreseeable uses to an extent beyond which would be contemplated by the ordinary consumer who purchased it with ordinary knowledge common to the community as to its characteristics.

36.     This breach of implied merchantability and fitness for particular purpose was a proximate and producing cause of the damages for which Plaintiffs bring suit.

37.     That the total property damage loss to the Lombard Vehicle, Residence and its contents payable and paid by Plaintiffs was at least $256,562.84.

38.     Plaintiffs, Standard Fire and Travelers, having paid John Lombard under their respective policies of insurance with rights of subrogation, are subrogees of John Lombard, and are therefore legally,

WHEREFORE, Plaintiffs, The Standard Fire Insurance Company and Travelers Personal Security Insurance Company pray for Judgment against Ford Motor Company in the amount of $256,562.84, excluding taxes, costs and attorney fees.

## COUNT V
## Negligence

39.     That Ford owed a duty to Plaintiffs' insured, John Lombard and, by way of subrogation, Plaintiffs, to exercise reasonably prudent and ordinary care in the design, manufacture, and marketing of the Lombard Vehicle through its agents, representatives and employees.

40.     Ford violated this duty by negligently designing, manufacturing, fabricating, inspecting, marketing, distributing and/or supplying the Lombard Vehicle, and by failing to warn and otherwise act as a reasonably prudent person would have done under the same or similar circumstances.

41.     The above-referenced acts and omissions, singularly and/or in combination with others specified in this pleading, constitute negligence, and are the producing and/or proximate cause of the fire and the damages for which Plaintiffs bring suit.

42.     That the total property damage loss to the Lombard Vehicle, Residence and its contents payable and paid by Plaintiffs was at least $256,562.84.

43.      Plaintiffs, Standard Fire and Travelers, having paid John Lombard under their respective policies of insurance with rights of subrogation, are subrogees of John Lombard, and are therefore legally,

WHEREFORE, Plaintiffs, The Standard Fire Insurance Company and Travelers Personal Security Insurance Company pray for Judgment against Ford Motor Company in the amount of $256,562.84, excluding taxes, costs and attorney fees.

LAW OFFICES OF CATHERINE A. GOFRANK

BY: __/s/ David M. Kraus_____
DAVID M. KRAUS (P37986)
Attorney for Plaintiffs
1441 West Long Lake Road, Suite 305
Troy, MI 48098
(248) 312-7939
DKraus@Travelers.com

Dated: March 23, 2010